COLUMBIA SNAKE RIVER IRRIGA-TORS ASSOCIATION; et al., Plaintiffs–Appellants,

v.

NATIONAL WILDLIFE FEDERATION; et al., Plaintiffs–Appellees,

National Marine Fisheries Service; et al., Defendants–Appellees.

No. 05–35736.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 1, 2006.

Filed April 6, 2007.

Daniel J. Rohlf, Esq., Portland, OR, Todd D. True, Esq., Stephen D. Mashuda, Esq., Earthjustice Legal Defense Fund, Seattle, WA, for Plaintiffs–Appellees.

James L. Buchal, Esq., Murphy & Buchal, LLP, Portland, OR, for Plaintiffs–Appellants.

Ellen J. Durkee, Esq., Jennifer L. Scheller, Esq., Fred R. Disheroon, Esq., Seth M. Barsky, Esq., Bridget McNeil, Ruth Ann Lowery, Wildlife & Marine, Michael R. Eitel, Esq., Thomas L. Sansonetti, Esq., U.S. Department of Justice, Environment & Natural Resources Division, Washington, DC, Stephen J. Odell, Esq., Office of the U.S. Attorney, Portland, OR, for Defendants–Appellees.

Before: TASHIMA, THOMAS, and PAEZ, Circuit Judges.

## MEMORANDUM *

The Columbia Snake River Irrigators Association and Eastern Oregon Irrigators Association (collectively "Irrigators") appeal various orders of the district court. We affirm. Because the history of this litigation is familiar to the parties, we will not recount it here.

### I

■ The district court properly held that the National Marine Fisheries Services ("NMFS")—now known as NOAA Fisheries—did not err by including future tribal and state-regulated fish harvest in the environmental baseline for its November 30, 2004, Biological Opinion ("2004 BiOp") on the effects of Federal Columbia River Power System ("FCRPS") operations on salmon and steelhead listed under the Endangered Species Act.[2] NMFS properly found that, although difficult to quantify, tribal treaty fishing rights were present effects of past federal actions that must be included in the environmental baseline. *See* 50 C.F.R. § 402.02. To quantify those rights and add them to the environmental baseline, NMFS reasonably looked to current harvest levels and assumed that future harvests would be the same.

Similarly, NMFS was within its discretion to find that state-regulated harvests were reasonably certain to occur in the future, based on past practice. The agency was thus required to consider those future harvests in its jeopardy analysis as "cumulative effects," and it reasonably projected future harvest based on harvest authorized in the past. *See id.* (defining cumulative effects); *id.* § 402.14(g)(4) (laying out steps of jeopardy analysis).

### II

■ The district court properly declined to reach Irrigators' various challenges to the 2004 BiOp's scientific analysis, after finding them moot in light of its ruling that the 2004 BiOp's basic framework was invalid. We note that all of Irrigators' challenges to the analysis used in the 2004 BiOp are also fundamentally misguided: because Irrigators do not dispute the 2004 BiOp's ultimate finding of no jeopardy, even a favorable ruling on their claims could have no practical effect on FCRPS operations or harvest activity.

### III

■ The district court did not err in denying their motion to intervene in the parallel NWF action. First, our precedent does not support Irrigators' purported assumption that the district court's administrative consolidation order merged the two cases and gave Irrigators party status in the NWF action. *See Schnabel v. Lui,* 302 F.3d 1023, 1036 (9th Cir.2002). Thus, the district court was well within its discretion to conclude that Irrigators' motion to in-

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

**2.** To the extent that Irrigators claim NMFS simply may not consider impacts of non-federal actions in its jeopardy analysis, they misunderstand both the ESA and our precedent.

The ESA requires federal agencies to consider "what jeopardy might result from the agency's proposed actions in the present and future human and natural contexts." *Pac. Coast Fed'n of Fishermen's Ass'ns v. U.S. Bureau of Reclamation,* 426 F.3d 1082, 1083 (9th Cir.2005). This necessarily includes both federal and non-federal actions.

tervene was untimely. *See Sw. Ctr. for Biological Diversity v. Berg,* 268 F.3d 810, 817 (9th Cir.2001). Even if this were not the case, however, denial of the motion to intervene was also proper because Irrigators' interests were adequately represented by other parties, namely the Washington Farm Bureau Federation. *See United States v. Oregon,* 913 F.2d 576, 587 (9th Cir.1990).

### IV

The record does not support Irrigators' claim that the district judge presiding over their actions was biased against them. The chief judge of the district court has now twice rejected this claim; like the panel of this court that upheld the chief judge's first decision on this issue, we find no abuse of discretion in the chief judge's ruling.

**AFFIRMED.**